IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE MOSES WILLIS, | |
| Plaintiff, | CIV-S-04-2060 DFL GGH PS |
| vs. | |
| DENNIS FIDDAMENT, et al., | |
| Defendants. | FINDINGS AND RECOMMENDATIONS |

I.    INTRODUCTION

Plaintiff, proceeding pro se in this action, filed an amended complaint on January 3, 2005, against defendants California Highway Patrol Officer Dennis Fiddament ("Fiddament"), Lassen County District Attorney Bob Burns ("Burns"), Lassen County Superior Court Judge Ridgley Lazard ("Lazard"), and the State of California ("the State"). Plaintiff's complaint arises from a traffic citation for speeding issued by Fiddament, prosecuted by Burns and adjudicated by Lazard. On December 6, 2002, Fiddament stopped plaintiff on Highway 395 for speeding. On January 5, 2002, plaintiff received notice demanding an appearance at the Lassen County Superior Court on February 10, 2003. On that date, plaintiff appeared before Lazard, who entered a plea of not guilty and set a trial date. On March 11, 2003, court convened with Burns representing the State as prosecutor. After a court trial, Lazard found plaintiff guilty of speeding

1

1   and ordered plaintiff to pay a fine of $290, which plaintiff promptly did.  (F.A.C., p. 6:18-21).

2              Plaintiff alleges violations of his First, Fourth, Fifth, Sixth, Seventh, Ninth and
3   Tenth Amendment "private rights," but fails to set forth facts supporting these violations.
4   (F.A.C., p. 3:3).  Plaintiff also alleges that "the legislature violated its Oath of Office, a
5   mandatory duty to protect the plaintiff" and that breach of such "mandatory duty caused plaintiff
6   the injury."  Specifically, he alleges that Fiddament, Burns and Lazard "had a constitutional and
7   statutory mandatory duty to protect plaintiff" and failed to do so.  (F.A.C., p. 4:7-28, 5:1-4).
8   Further, plaintiff alleges that Burns and Lazard "knew or should have known that there was no
9   substance in Fiddament's accusation in which to lawfully prosecute the plaintiff" and that
10  "plaintiff did not come within the purview of the State's police power."  (F.A.C., p. 4:7-28, 5:1-
11  2).  Plaintiff cites neither law nor fact to support these allegations.

12             Plaintiff also raises several so-called "federal questions" including whether a
13  prosecutor can "represent the legislature in a civil action outside a judicial court to prosecute the
14  plaintiff;"  whether a "legislative magistrate, appointed by the Chief Magistrate [can] preside
15  over the plaintiff without the plaintiff's stipulation;"  whether a "CHP officer [can] stop the
16  plaintiff on the public highway and issue the plaintiff a Bill of Attainder without the benefit of a
17  judicial hearing, review or trial;"  and, whether a "CHP Officer [can] stop the plaintiff on the
18  public highway and issuing [sic] the plaintiff a Citation #18242, without suspicion of or criminal
19  evidence."  (F.A.C., p.3:16-27, p. 4:2-5).  These so-called "federal questions" fail to allege any
20  basis for this court's jurisdiction nor do they set forth any specific causes of action.

21             Plaintiff's plea for relief asks the court to "issue a mandamus requiring the
22  statutory court to cease and desist all operations masquerading as a judicial court of Lassen
23  County."  (F.A.C., p. 5:6-8).  He requests an award of money damages from each defendant in
24  the amount of $40,000, and for punitive damages from each defendant in the amount of
25  $4,500,000.

26             Motions to dismiss by all defendants are presently pending before the court.

1  Plaintiff has failed to file an opposition to the motions to dismiss.  Instead, on March 31, 2005,
2  plaintiff filed an objection styled "Opposition to Court's Order of 03-04-05, Objection to
3  Magistrate."  Plaintiff's "opposition" states that he "will not stipulate to have this matter heard by
4  a magistrate" and requests a new hearing date before the district judge assigned to this case.
5  Plaintiff re-filed this objection on April 18, 2005, despite the undersigned's order of April 8,
6  2005 overruling it and the undersigned's explanation at the hearing on April 14, 2005, that this
7  matter is properly before the undersigned pursuant to the non-consent provisions of 28 U.S.C. §
8  636(b)(1) and Local Rule 72-302(c)(21).

Defendants have raised several bases for dismissal of the amended complaint filed January 3, 2005, including lack of subject matter jurisdiction, failure to state a claim on which relief can be granted, and various immunities, including judicial and prosecutorial immunity.

On April 14, 2005, defendants' motions to dismiss came on for hearing.  Plaintiff appeared on his own behalf.  Keith E. Nourot appeared on behalf of Burns and Willaim A. Krabbenhoft appeared for defendants Lazard, Fiddament and the State.  After hearing, the court took the matter under submission.

II. LEGAL STANDARD FOR MOTION TO DISMISS.

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803  (1994); Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true.  Church of Scientology of California v. Flynn, 744 F.2d 694 (9th Cir.1984).  The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.  Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).  General allegations are presumed to

3

include specific facts necessary to support the claim. NOW, 510 U.S. at 256, 114 S.Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S.Ct. 2166 (1991). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

III.   ANALYSIS

The court takes judicial notice of the documents submitted by defendants Lazard, Fiddament and the State relating to plaintiff's traffic violation, specifically, the notice to appear, the courtesy notice sent by Lassen County Superior Court Traffic Division, the traffic minute order and court minutes concerning the trial. (Defendant's Request for Judicial Notice, Exh. A–C).

After reviewing the complaint, it appears that the court does not have subject matter jurisdiction to consider plaintiff's claims insofar as they can be construed as a challenge to or request to review the state court proceedings adjudicating plaintiff's traffic violation. Although vague, plaintiff's complaint appears to allege that the State had no basis on which to prosecute and adjudicate plaintiff's traffic violation. (F.A.C., p. 4:16-28, p. 5:1-4). Jurisdiction is a threshold issue that must be raised sua sponte. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 1012-1013 (1998).

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

First, a federal district court does not have jurisdiction to review errors in state court proceedings. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311-1312 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct. 149, 150 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381 1411- 1412 (D. Idaho 1996). See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over § 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attack on state court judgment because of substantive defense improper under Rooker-Feldman). If federal claims are "inextricably

intertwined" with a state court judgment, the federal court may not hear them.  Id.  "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S. Ct. 1519, 1533 (1987) (Marshall, J., concurring).  In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court."  Samuel, 980 F. Supp. at 1412-13.

Thus, to the extent that plaintiff's claims against Burns, Lazard and the State can be construed as a request for review of the state court proceedings adjudicating plaintiff's traffic violation, the court lacks jurisdiction to review such matters.  Even if plaintiff did not intend for his complaint to be a request for such review, his claims against defendants fail on other grounds.

A.   <u>Claims Against Lazard Barred by Judicial Immunity</u>

Plaintiff's precise claim against Lazard is unclear.  As discussed above, to the extent plaintiff seeks review of Lazard's decision, such claims are unreviewable by this court.  Plaintiff does, however vaguely, allege injury by Lazard and requests money and punitive damages.  Plaintiff alleges no other dealings with Lazard other than in his capacity as Lassen County Superior Court Judge.

"A judge is generally immune from a civil action for damages."  Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996).  The immunity extends as well to actions for declaratory, injunctive and other equitable relief.  Id.  Only two exceptions apply–if the judge is acting clearly without jurisdiction or if the judge is not performing a judicial act.  Id.  Judicial acts are those in which a judge is "perform[ing] the function of resolving disputes between parties, or of authoritatively adjudicating private rights."  Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-436, 113 S. Ct. 2167, 2171 (1993) (citation and internal quotation marks omitted); Sheppard v. Maxwell, 384 U.S. 333, 358, 86 S. Ct. 1507, 1520 (1966) (a judge acts in a judicial capacity when exercising control of the judge's courtroom); Barrett v. Harrington, 130 F.3d 246, 254-59 (6th Cir.(Tenn.) 1997) (collecting cases and finding letter to prosecutors a judicial act).

1 Plaintiff fails to allege any acts by Lazard other than those he performed in his
2 capacity as Lassen County Superior Court Judge.  Furthermore, plaintiff has failed to allege any
3 facts to support a finding that Lazard clearly acted without jurisdiction in his adjudication of
4 plaintiff's traffic violation.   Accordingly, IT IS RECOMMENDED that plaintiff's claims against
5 defendant Lazard be dismissed with prejudice, without leave to amend.

6     B. <u>Claims Against the State Barred by the Eleventh Amendment</u>

7 In his complaint plaintiff has named the State as a defendant.  The Eleventh
8 Amendment serves as a bar to suits brought by private parties against a state or state agency
9 unless the state or the agency consents to such suit.  See <u>Papasan v. Allain</u>, 478 U.S. 265, 276
10 (1986); <u>Quern v. Jordan</u>, 440 U.S. 332 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978)(per
11 curiam); <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the
12 State has not consented to suit.  Accordingly, IT IS RECOMMENDED that plaintiff's claims
13 against the State be dismissed with prejudice, without leave to amend.

14     C. <u>Claims Against Burns and Fiddament</u>

15 Plaintiff's precise claim against Burns is unclear.  As discussed above, to the
16 extent plaintiff seeks review of the state court proceedings against him, such claims are
17 unreviewable by this court.  Plaintiff does, however vaguely, allege injury by Burns and requests
18 money and punitive damages.  Plaintiff alleges no other dealings with Burns beyond Burns' role
19 in prosecuting plaintiff's traffic violation.

20 Prosecutors are fully protected by absolute immunity when performing traditional
21 activities related to the initiation and presentation of criminal prosecutions.  <u>Imbler v. Pachtman</u>,
22 424 U.S. 409, 430-31 (1976).  Determining whether a prosecutor's actions are immunized
23 requires a functional analysis.  The classification of the challenged acts, not the motivation
24 underlying them, determines whether absolute immunity applies.  <u>Ashelman v. Pope</u>, 793 F.2d
25 1072 (9th Cir. 1986) (en banc).  The prosecutor's quasi-judicial functions, rather than
26 administrative or investigative functions, are absolutely immune.  Thus, even charges of

malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984).

Plaintiff fails to allege any acts by Burns other than "traditional activities related to the initiation and presentation of criminal prosecutions." Specifically, plaintiff's allegations rest entirely on Burns' actions performed while prosecuting plaintiff's traffic violations. Even assuming plaintiff's allegations are true that Burns committed "fraud" (F.A.C., p. 3:1) in prosecuting plaintiff's traffic violation when Burns "knew or should have known" that the citation was baseless (F.A.C., p. 4:16-24), Burns would be immune from plaintiff's suit damages.

Finally, the court notes that although plaintiff does not allege a violation of any specific federal claim, he does vaguely assert that defendants violated his rights under the First, Fourth, Fifth, Sixth, Seventh, Ninth, and Tenth Amendments of the United States Constitution. Accordingly, the court construes plaintiff's claim to allege violations of various constitutional rights pursuant to 42 U.S.C. § 1983. Because Lazard and Burns are immune from suit, and plaintiff's claims against the State are barred by the Eleventh Amendment, the undersigned's analysis of plaintiff's § 1983 claims applies only to defendant Fiddament.

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,

8

> a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. <u>Id.</u>

While it is not clear at all in what way plaintiff believes that Fiddament violated his rights under the First, Fourth, Fifth, Sixth, Seventh, Ninth and Tenth Amendments of the United State Constitution, it does appear that he is challenging the validity of the conviction based on alleged unconstitutional conduct by Fiddament. A cause of action that allegedly unconstitutional conduct by defendants resulted in plaintiff's conviction may not be brought unless the conviction has been invalidated, expunged or reversed. Because there is no claim that plaintiff's conviction has been invalidated, expunged or reversed, plaintiff's claim against Fiddament fails.

IV. <u>CONCLUSION</u>

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's claims against defendant Lazard and Burns be dismissed with prejudice, without leave to amend;

2. Plaintiff's claims against the State be dismissed with prejudice, without leave to amend;

3. Defendant's motion to dismiss the claims against defendant Fiddament be granted with prejudice and without leave to amend.[1]

---

[1] It is more than doubtful that plaintiff has had his conviction reversed. Moreover, based on the wholly insubstantial nature of plaintiff's allegations, leave to amend to state the very improbable will not be granted. Sufficient judicial and lawyer resources have been expended at this point.

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
3   (10) days after being served with these findings and recommendations, any party may file written
4   objections with the court and serve a copy on all parties.  Such a document should be captioned
5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6   shall be served and filed within ten (10) days after service of the objections.  The parties are
7   advised that failure to file objections within the specified time may waive the right to appeal the
8   District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9   DATED: 7/6/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mb
Willis2060.fr